(835 P.2d 1376)

No. 66,573

STATE OF KANSAS, *Appellee,* v. 1978 CHEVROLET AUTOMOBILE, VIN #1L69U8J314191, and $31,550 UNITED STATES CURRENCY, (DOUGLAS KOEHLER and RANDY KROENING), *Appellants.*

Opinion filed June 19, 1992.

*Benjamin C. Wood,* of Overland Park, for appellants.

*Debra A. Vermillion,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before DAVIS, P.J., LEWIS, J., and MARVIN W. MEYER, J. Retired, assigned.

LEWIS, J.: This is a civil action brought by the State of Kansas to forfeit $31,550 in cash under K.S.A. 1991 Supp. 65-4135(a)(6). After trial, the trial court ordered the cash forfeited. The appellants, or claimants, are Randy Kroening and Douglas Koehler, who contend that the cash is their legitimate property and not subject to forfeiture. After a review of the record, we affirm the decision of the trial court.

The problems of the claimants began when the vehicle in which they were riding was pulled over for speeding by Trooper Alphonse Sanchez, Jr., of the Kansas Highway Patrol. The automobile in question, a 1978 Chevrolet, was owned by Kroening and was driven by Koehler. In addition to the two claimants, a third passenger in the vehicle was Annette Hays, the girlfriend of Kroening.

After the vehicle was stopped, Koehler produced his drivers' license. However, he could not produce any proof of insurance. Kroening then spoke up and advised the trooper that the vehicle was uninsured. After ascertaining that the vehicle was not properly insured, Trooper Sanchez arrested Kroening for permitting his vehicle to be operated without insurance and Koehler for driving an uninsured vehicle.

At some point during the proceedings, the occupants were asked to exit the vehicle and did so. When Kroening got out of the car, Sanchez noted he appeared to be extremely nervous and was concealing something under his jacket. Upon further inquiry, Kroening advised Sanchez that he had $30,000 in cash under his jacket and, upon request, turned the cash over to Sanchez.

At this point, Sanchez asked for permission to search the vehicle. Permission was granted. The vehicle was searched, and no issue was raised on this appeal concerning the validity of that search.

The search of the vehicle revealed a rather insignificant amount of marijuana. There was a total of 1.6 grams of marijuana found in the car, part of it in the front seat and part of it in a duffle bag located in the trunk.

There is evidence that traces of marijuana were found on the money seized from Kroening. The KBI examination failed to show evidence of marijuana on the money. However, a trained police dog made a "hit" on the money, which was construed to be positive for narcotics.

The money initially concealed under Kroening's coat totaled $30,900. It was packed in a number of white envelopes sealed with duct tape. Each envelope had numbers written on it to indicate the amount of cash in the envelope. There were nine envelopes in all: four with $1,000 each in them; one with $1,900; three with $5,000 each; and one with $10,000. In addition to these amounts, $650 in cash was taken from Kroening's wallet.

Koehler maintained that $8,000 of the cash belonged to him, while the rest was Kroening's. Claimants insisted the money was not drug related and was to be used by them to purchase old junk cars in Oklahoma. Kroening had a business in Wisconsin in which he purchased old cars and used the parts to make various items of furniture. His uncle had advised him of an opportunity to purchase 30 old cars in Oklahoma that were about to be crushed. Kroening insists he and Koehler had gathered up their cash and set off for Oklahoma to purchase the old junk cars. On questioning, however, he could not name the salvage yards in Oklahoma that allegedly had the vehicles available.

At trial, Trooper Sanchez testified that he was trained in narcotics trafficking. In his opinion, the packaging of the money in separate envelopes, as described, was indicative of and consistent with the manner used by drug traffickers. He also indicated that the occupants of the vehicle fit the profile of drug traffickers and appeared to be on a direct trip to buy drugs and planning an immediate return. He premised this latter opinion on the limited amounts of luggage and clean clothing in the vehicle when it was stopped. He also felt it significant that the occupants of the vehicle had not bathed in some time and had not stopped to freshen up.

David Majors, a federal drug enforcement agent, was also called as a witness for the State. He testified that the money was packaged in a manner consistent with drug trafficking.

At the completion of the evidence, the trial court ordered the $31,550 forfeited to the State. Claimants appeal that decision and raise several issues.

### K.S.A. 1991 Supp. 65-4135(a)(6)

This is a civil action in which the State seeks to forfeit money allegedly related to the sale or purchase of illicit drugs. This action is provided for by K.S.A. 1991 Supp. 65-4135(a)(6), which states in pertinent part:

"(a) The following are subject to forfeiture:

. . . .

"(6) everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of the uniform controlled substances act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments and securities used, or intended to be used, to facilitate any violation of the uniform controlled substances act, except that no property shall be forfeited under this subsection (a)(6), to the extent of the interest of an owner, by reason of any act or omission established by the owner to have been committed or omitted without the owner's knowledge or consent. *All moneys, coin and currency found in close proximity to forfeitable controlled substances,* to forfeitable drug manufacturing or distributing paraphernalia or to forfeitable records of the importation, manufacture or disposition of controlled substances, *are presumed in the manner provided in K.S.A. 60-414 and amendments thereto to be forfeitable under this subsection (a)(6). Under this subsection (a)(6), the burden of proof shall be upon claimants of the property to rebut this presumption.*" (Emphasis added.)

As is highlighted, the statute provides that money found in *close proximity* to a controlled substance is *presumed to be forfeitable.* The statute contemplates a showing by the State to raise the presumption and, once that is done, the burden is shifted to the claimant to rebut the presumption. In this case, the $31,550 in question was found in "close proximity" to a quantity of marijuana. Marijuana is a forfeitable controlled substance under the statute. Thus, by proving these basic facts, the State raised a presumption that the money was forfeitable. It is not relevant that the marijuana found was insignificant in amount. The statute does not specify that any minimum amount of controlled substance is required to raise the presumption. Once the presump-

tion comes into existence, the claimants must produce evidence to rebut it to successfully defend against forfeiture.

In this case, the trial court determined that the claimants' evidence was not sufficient to rebut the presumption. The claimants argue this finding is not adequately supported by the evidence. We disagree.

In a case of this nature, our standard of review is that of substantial competent evidence. *State ex rel. Love v. One 1967 Chevrolet*, 247 Kan. 469, Syl. ¶ 1, 799 P.2d 1043 (1990). If the trial court's finding is supported by substantial competent evidence, it will not be disturbed on appeal. Substantial competent evidence is evidence that is legal and relevant such that a reasonable person might accept it as being sufficient to support a conclusion. *Williams Telecommunications Co. v. Gragg*, 242 Kan. 675, 676, 750 P.2d 398 (1988). In reviewing the trial court's decision on this issue, it is not our function to weigh the evidence or pass on the credibility of the witness. If the evidence and all reasonable inferences drawn from it, when viewed from the perspective most favorable to the prevailing party, supports the trial court's decision, that decision will be affirmed. *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, Syl. ¶ 1, 738 P.2d 1210 (1987); *Ratterree v. Bartlett*, 238 Kan. 11, Syl. ¶ 13, 707 P.2d 1063 (1985).

When we apply these standards of review to the record before us, we find that the trial court's decision that claimants did not rebut the presumption is supported by substantial competent evidence.

The claimants argue that the record is devoid of any hard evidence that the money in question was from the sale of drugs or was to be used to buy drugs. We concede this to be an accurate statement, but it is still of no benefit to claimants. The statute does not require proof that the money was from the sale of drugs or was to be used to buy drugs. The statute requires only that the State prove the money was found "in close proximity" to a controlled substance. The State was able to prove this fact; consequently, it became the beneficiary of a presumption in favor of forfeiture which claimants were required to rebut. There is no requirement that the State "prove" the money was obtained to buy or sell drugs. Once the presumption is raised, the claimants

must "prove" the money was not to be used for drug-related purposes.

The claimants presented evidence in an attempt to rebut the statutory presumption. The trial court concluded that this attempt was unsuccessful. That conclusion is supported by substantial competent evidence.

Claimants introduced evidence to indicate that Kroening had a legitimate business from which these funds were derived and for which they were to be used. The trial court examined Kroening's books and records, which were apparently introduced into evidence, and found them to be sloppy and unreliable and kept contrary to ordinary business practices. As a result, the trial court rejected the evidence as being insufficient to establish a legitimate source for the funds in question.

We will not second-guess the trial court's handling of Kroening's business records. As pointed out earlier in this opinion, decisions on the credibility and weight of the evidence submitted are the province of the trial court. The court has the function of deciding what weight to place on the evidence, and there is no basis in the record for this court to usurp that function.

In addition, we are hampered in considering the claimants' arguments by the lack of an adequate record. The business records which claimants insist the trial court had no right to disbelieve are not in the record. We are not in a position to hold that the trial court mishandled documentary evidence where appellants have failed to make that evidence available to us for review. The appellants have the burden to designate a sufficient record on appeal. On this issue, claimants have failed to do so, and we are required, under such circumstances, to affirm the finding of the trial court. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602-03, 647 P.2d 1268 (1982).

The trial court also found that the packaging of the money was consistent with drug trafficking. Claimants contend this finding ignores their explanation of how and why the money was packaged in the manner shown. Once again, claimants failed to appreciate our standard of review.

The weight and credibility to be given to the evidence is a decision for the trier of fact. In this case, the State produced evidence that the money was packaged in a manner consistent

with drug trafficking. The claimants presented another, more benign, explanation for the money packaging. The trial court chose to believe the testimony of the witnesses for the State. This decision is peculiar to the trier of fact, and we will not intervene and redetermine which version should be believed.

We hold that the decision of the trial court that claimants did not rebut the presumption of forfeitability is supported by substantial competent evidence. We affirm that finding.

## K.S.A. 60-414

K.S.A. 1991 Supp. 65-4135(a)(6) states that the presumption raised in that statute is governed by K.S.A. 60-414 and amendments thereto. K.S.A. 60-414 has in the past proven to be somewhat of an enigma. See *McMurray v. Crawford*, 3 Kan. App. 2d 329, 594 P.2d 1109 (1979). Under the facts of this case, we find no mystery in the application of the statute. It reads as follows:

"Subject to K.S.A. 60-416, and except for presumptions which are conclusive or irrefutable under the rules of law from which they arise, (a) *if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the nonexistence of the presumed fact is upon the party against whom the presumption operates*; (b) *if the facts from which the presumption arises have no probative value as evidence of the presumed fact, the presumption does not exist when evidence is introduced which would support a finding of the nonexistence of the presumed fact*, and the fact which would otherwise be presumed shall be determined from the evidence exactly as if no presumption was or had ever been involved." (Emphasis added.) K.S.A. 60-414.

In this case, claimants argue that the trial court erroneously applied 60-414(a), whereas it should have applied 60-414(b). Such error, claimants argue, caused the trial court to misapply the burden of proof to their detriment. We do not agree.

We hold that K.S.A. 60-414(a) was applicable to the facts shown by the record. The application of subsection (a) or subsection (b) depends on whether the facts from which the presumption is derived have any "probative value as evidence of the existence of the presumed fact." If they do have probative value, subsection (a) applies. If they do not, then subsection (b) applies.

"Probative evidence is evidence that tends to prove an issue; it furnishes, establishes or contributes toward proof." *State ex*

*rel. Hausner v. Blackman*, 7 Kan. App. 2d 693, 698, 648 P.2d 249 (1982), *aff'd* 233 Kan. 223 (1983). See *Akin v. Estate of Hill*, 201 Kan. 306, 311, 440 P.2d 585 (1968).

In analyzing the issue raised by claimants, we first note the statute provides that subsection (a) applies if there is *any probative evidence* of the presumed fact. As a result, we are not required to consider the nature or weight of the evidence; our only question is whether the evidence is probative of the presumed fact. If the presence of a controlled substance in close proximity to the money is probative of the fact that the money is drug related, the presumption is a subsection (a) presumption. It is not relevant whether the evidence shows five pounds or 1.6 grams of the substance. The statute raises the presumption on the showing of *any probative evidence*, and we are not required to quantify that evidence. We conclude that the statute is rather liberal in raising a presumption and that no particular amount of probative evidence is required to do so. The following comments are instructive:

"This court must assume that the Kansas Supreme Court is familiar with Kansas statutory law, and that it does not fashion its holdings in derogation to the intent of the Kansas elected branches. Fortuitously, the court need not accept defendant's implicit invitation to reconsider the *Wooderson* decision for the Kansas Supreme Court, because it finds defendant's argument to be based upon the erroneous assumption that this presumption comes within subsection (b) of the statute. Under subsection (a), a presumption derived from evidence that itself has any probative value is not eliminated simply because some evidence contrary to the presumed fact is introduced. Kansas as well as federal law provides that evidence having any tendency in reason to establish a material fact has probative value. *Schmeck v. City of Shawnee*, 232 Kan. 11, 32, 651 P.2d 585 (1982); *State ex rel. Hausner v. Blackman*, 7 Kan. App. 2d 693, 698, 648 P.2d 249 (1982), *aff'd* 233 Kan. 223, 662 P.2d 1183 (1983); Fed. R. Evid. 401 & advisory committee's note. Thus, the court must conclude that the presumption of causation falls under subsection (a) of the statute if evidence of an inadequate warning has any tendency to render the inference of causation 'more probable than it would be without the evidence. . . .' *Blackman*, 7 Kan. App. 2d at 698, 648 P.2d 249.

"The court finds that evidence of an inadequate warning easily meets the liberal test for probative value under the Kansas and federal rules. It must be borne in mind that evidence need not *establish* a fact, by any standard of proof, for it to have probative value. All that is required is that it have *any* tendency to make the existence of the fact more probable than it would

be without the evidence. Fed. R. Evid. 401. And the clear language of K.S.A. § 60-414(a) directs that presumptions created by evidence having *any* probative value in establishing the presumed fact continue to exist notwithstanding the introduction of 'some' contrary evidence." *Mason v. Texaco, Inc.*, 741 F. Supp. 1472, 1506 (D. Kan. 1990).

In the instant matter, evidence of a controlled substance in close proximity to the money is certainly some probative evidence of the presumed fact. The "close proximity" evidence has a tendency to make the existence of the presumed fact more probable than it would be without such evidence. We are of the opinion that the Legislature, in enacting 65-4135(a)(6), intended that the close proximity of cash to a controlled substance is probative evidence that the cash is drug related. We reject the argument that a presumption would be raised based on evidence which is not probative of the presumed fact. Accordingly, we have no hesitation in concluding that the presumption raised by K.S.A. 1991 Supp. 65-4135(a)(6) is a subsection (a) presumption under K.S.A. 60-414.

Even if subsection (b) were to be applied to these facts, it would be of no benefit to claimants. We have examined the entire record and conclude that the evidence is sufficient to support a finding ordering forfeiture of the money under subsection (b), as well as subsection (a). The State's evidence in this case included not only the close proximity of the money to a controlled substance, but a number of other factors which indicated the money was forfeitable. Among the facts shown which we consider significant are the following:

(a) evidence that the money was packaged in a manner consistent with drug trafficking;

(b) evidence that claimants fit the profile of persons who deal in drugs;

(c) evidence that claimants appeared to be making a direct trip to a specified location and planning an immediate return; and

(d) evidence of Kroening's prior involvement with drug trafficking.

These factors, along with the close proximity of the money, support a conclusion that the money should have been forfeited within the terms of the statute. As a result, while we hold that

the facts gave rise to a 60-414(a) presumption, we consider that the record, in its entirety, supports a finding ordering a forfeiture of the money.

## KROENING'S PRIOR DRUG CONVICTIONS AND CHARGES

Claimants argue that the trial court erred in admitting into evidence the past criminal record of Kroening. Specifically, claimants argue it was error to admit an exhibit showing a pending charge against Kroening for conspiracy to possess a controlled substance. The argument is that there is no probative value in a pending charge and that the charge was eventually dismissed. They also contend it was error for the court to take notice of Kroening's conviction of marijuana possession in the underlying criminal case, as that case is still on appeal. Finally, Kroening contends the trial court erred in admitting exhibits that showed his 1979 conviction for sale of marijuana and his 1981 conviction for delivery of a controlled substance.

There are several problems with claimants' approach to this issue. Claimants argue, for instance, that the court erred in admitting into evidence Exhibits A and B. As we understand the record, Exhibits A and B related to the pending charge against Kroening and the 1979 and 1981 convictions.

The problem is that Exhibits A and B are not made part of the record on appeal. The claimants argue that the documents are not probative of the presumed fact and that they are hearsay. We do not have the documents to examine and, under those circumstances, are unable to satisfactorily deal with claimants' argument. As pointed out earlier, it is the duty of appellants to designate a complete record on appeal, and failure to do so prevents this court from reversing the trial court. As a result, we affirm the trial court's decision admitting Exhibits A and B. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. at 602-03.

Kroening argues the trial court should not have considered his most recent conviction for possession of marijuana. This conviction was based upon the marijuana found in the car by Trooper Sanchez as related above. Kroening argues that this conviction should not have been considered because it is on appeal, is not final, and is not probative.

Federal case law indicates that past charges and convictions are probative in considering forfeiture cases. Federal courts have reasoned that arrests or convictions are probative for forfeiture purposes because the government is required to prove only a probability of connection between the criminal conduct and the property forfeited, which is quite unlike the burden of proving a crime beyond a reasonable doubt. See *U.S. v. Thomas*, 913 F.2d 1111, 1116 (4th Cir. 1990); *U.S. v. U.S. Currency Totalling $92,000.00*, 707 F. Supp. 540, 542-43 (N.D. Ga. 1989). We agree in general with the federal court position on this issue. We hold that proof of prior arrests or prior convictions are probative in forfeiture cases. It is important to keep in mind that this is not a criminal case. It is a civil case, and the State is not required to prove its case beyond a reasonable doubt. The State is required to prove, by evidence available to it, that the money in question should be forfeited because it is related to drug trafficking. We consider that prior drug trafficking convictions of a defendant are relevant and probative on the issue before the trial court and were properly admitted.

The fact that the pending criminal conviction of Kroening is still on appeal does not require a reversal of the trial court. A judgment will be overruled as a result of erroneously admitted evidence only when the error was not harmless. K.S.A. 60-261. In other words, the judgment of the trial court will not be reversed if the error does not prejudice the substantial rights of a party. *Hagedorn v. Stormont-Vail Regional Med. Center*, 238 Kan. 691, 701, 715 P.2d 2 (1986). If the trial court did err in considering the most recent possession conviction, that error was harmless. There is ample evidence in the record without considering the most recent possession conviction to permit the trial court to find that the presumption was not overcome and that the money was forfeitable.

The trial court did not err in admitting evidence of Kroening's criminal history as it related to previous drug convictions and charges.

THE OPINION TESTIMONY OF TROOPER
SANCHEZ AND AGENT MAJORS

Kansas Highway Patrol Trooper Sanchez and Federal Drug

Enforcement Agent Majors both testified that the money was drug related. Their testimony was in the form of opinion testimony. Trooper Sanchez testified that, in his opinion, the occupants of the vehicle in which the money was found fit the profile of drug traffickers and that the money found was packaged in a manner consistent with drug trafficking. Agent Majors expressed his opinion that the money was packaged in the manner used by drug traffickers. The claimants argue the trial court erred in permitting this testimony.

The principal case relied upon by claimants is that of *State v. Clements*, 244 Kan. 411, 420, 770 P.2d 447 (1989). In *Clements*, the Supreme Court of Kansas held that evidence which describes the characteristics of a typical offender is not relevant and cannot be used to find that a person who matches this profile is guilty. The claimants argue that, based on the *Clements* decision, the testimony regarding the packaging of the money and the profile of the occupants in the vehicle was irrelevant and could not be used to establish the State's case.

We believe that, for various reasons, this argument is without merit.

The State contends that this issue is not properly before the court. The State points out that, in this appeal, the claimants are arguing that the testimony of Trooper Sanchez and Agent Majors should not have been admitted on a relevancy basis. This objection was not raised at trial.

At trial, when Trooper Sanchez began to give his opinion, defense counsel objected on the basis that Sanchez had not been qualified as an expert witness in the field of narcotics detection. There was no objection lodged on the grounds that the evidence was irrelevant for the purpose of establishing guilt. This is equally true in the case of the testimony of Agent Majors.

This is not a criminal action. The guilt or innocence of the claimants was not an issue. The argument that opinion evidence could not be used to establish guilt is misplaced in this case since guilt was not an issue.

The failure of defense counsel to object to the testimony on the grounds now raised appears to be fatal to the claimants' argument. K.S.A. 60-404 states that a verdict or judgment will not be set aside for the reason of erroneous admission of evidence

"unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." Further, the appellate courts of this state have repeatedly stated: "[A] matter to which no objection was raised in the trial court is not to be considered on appeal." *State v. Troy*, 215 Kan. 369, 373, 524 P.2d 1121 (1974).

Based on the contemporaneous objection rule in this state, the failure of claimants to raise the question of relevancy in objecting to the opinion testimony prohibits them from raising the issue on appeal.

The issue raised by appellants has no validity on its merits. Both Trooper Sanchez and Agent Majors were qualified as experts. In determining if the trial court erred in the admission of expert testimony, our standard of review is abuse of discretion. "The admissibility of expert testimony lies within the sound discretion of the trial court and its determination will not be reversed on appeal absent a showing of an abuse of discretion." *State v. Graham*, 246 Kan. 78, 81, 785 P.2d 983 (1990). Discretion is abused when no reasonable person would agree with the trial court. *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988).

If there was an abuse of discretion in this case in the admission of the experts' testimony, it would have to be based on the Kansas Supreme Court decision in *State v. Clements*, 244 Kan. 411. In *Clements*, an expert in the field of sexual abuse of children testified in general as to the profile of adults who sexually abuse children. The expert had not evaluated the defendant, but was merely giving general information about the profiles of abusers. After a lengthy discussion of similar cases from other states, the Kansas Supreme Court held the expert testimony was inadmissible because it allowed the jury to infer that, because the defendant had some of the characteristics discussed by the expert, the defendant had abused the victim in *Clements*. The court stated:

"The thrust of [these cases] is that (1) evidence which only describes the characteristics of the typical offender has no relevance to whether the defendant committed the crime in question; and (2) the only inference which can be drawn from such evidence, namely that a defendant who matches the profile must be guilty, is an impermissible one." 244 Kan. at 420.

The opinion testimony of Trooper Sanchez and Agent Majors would not have been admissible in a criminal action in which guilt or innocence was at issue. This would clearly violate the rule of *Clements*. The instant matter is not a criminal action, and in no manner is the guilt or innocence of claimants at issue. This is a civil action, and the sole question to be decided is whether the money found is forfeitable. In deciding that question, it is neither necessary nor required that the guilt or innocence of claimants be adjudicated. Under these circumstances, the testimony of Sanchez and Majors was proper opinion testimony and not subject to the rule of *Clements*. We hold that the rule of *State v. Clements* is not applicable in a civil action in which guilt or innocence is not an issue. As a result, we conclude the trial court did not err in admitting this evidence.

Our decision is in accord with similar federal forfeiture cases. The federal courts have routinely held profile factors to be relevant and admissible testimony and have permitted opinion testimony on the subject. In *U.S. v. $321,470, U.S. Currency*, 874 F.2d 298 (5th Cir. 1989), a special agent for the DEA testified as to factors that are typical of people trafficking in drugs. One of the factors he testified to was the way the money was packaged. The Fifth Circuit held that, based on profile evidence, a sufficient nexus was established between the money and drug trafficking to meet the probable cause standard. The factors the court considered were the following: (1) The two grams of cocaine found indicated that claimant was a consumer and had access to drug dealers; (2) the claimant purchased his vehicle with cash; (3) the claimant exhibited a suspicious demeanor when he was pulled over; and (4) the money was packaged in bundles. The court noted that packaging money in old bundles of cash in small denominations is characteristic of large drug deals. 874 F.2d at 305. See *U.S. v. Sixty Thousand Dollars*, 763 F. Supp. 909 (E.D. Mich. 1991); *U.S. v. $111,980.00 in U.S. Currency*, 660 F. Supp. 247 (E.D. Wis. 1987). We believe these federal cases are relevant, and that profile testimony is admissible in a case of this nature.

Finally, we point out that, in the instant matter, the case of the State appears to be affirmable on the basis of the statutory presumption and the failure of claimants to rebut that presump-

tion. The presumption arose because of the proof of close proximity of the money to controlled substances and would not have been defeated by the absence of the opinion testimony discussed. As a result, any error in the admission of this opinion testimony would have to be considered harmless, at best.

We affirm the decision of the trial court ordering the cash in question forfeited to the State of Kansas.

Affirmed.