(954 P.2d 718)

No. 77,239

KANSAS HIGHWAY PATROL *ex rel.* PAWNEE COUNTY ATTORNEY JOHN M. SETTLE, *Appellant,* v. 1985 CHEVROLET ASTRO VAN VIN#IGCDM15NOFB177466; SMITH & WESSON MODEL 60 REVOLVER, SERIAL #16149; $2,127.00 U.S. DOLLARS, *Appellees.*

Opinion filed February 13, 1998.

*John M. Settle,* county attorney, for the appellant.

*B. G. Larson,* of Dodge City, for the appellees.

Before KNUDSON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J.: In this civil forfeiture case, the Kansas Highway Patrol *ex rel.* Pawnee County Attorney John M. Settle (State), appeals the trial court's decision returning a revolver and cash to the claimant, Don Gepner. We affirm.

On April 21, 1995, Trooper Michael Frederiksen of the Kansas Highway Patrol (KHP) stopped a 1985 Chevrolet Astro Van for improperly displaying a Kansas temporary tag. Theresa A. Gepner was driving and her husband, George Gepner, was in the passenger seat. Frederiksen detected an odor of marijuana coming from the vehicle. Theresa and George denied carrying any illegal weapons,

drugs, alcohol, or contraband. Frederiksen saw a revolver on Theresa's purse which was on the console between the front seats. Frederiksen took possession of the revolver.

Upon searching the van, the police discovered two large ziplock bags of marijuana in a brown paper bag, a cough drop container with six marijuana cigarettes, and a coffee can with two plastic round containers of marijuana and a razor blade. In Theresa's purse, the police found $2,127 in cash and a short plastic straw with a white powdery substance later determined to be methamphetamine. Theresa eventually pled guilty to possession of methamphetamine and George pled guilty to possession of marijuana.

On February 14, 1996, the State filed a petition for the forfeiture of the van, the revolver, and the $2,127 seized during the search of the van. Don Gepner, George's father, filed a claim for return of the revolver and the $2,127.

During the forfeiture proceedings, the State presented evidence that the revolver and the $2,127 were seized by the KHP in connection with the arrest of Theresa and George for possession of controlled substances. The evidence also indicated the revolver was loaded and on top of Theresa's purse at the time of the stop.

The State called Theresa and George to testify. However, during cross-examination, Theresa testified that Don owned the revolver and had purchased it from Doug Henshaw of Ensign, Kansas. She stated she had the gun because she was taking it to a gun show for an appraisal or possible sale. She testified the $2,000 was also Don's, and they were going to buy a boat for him. Theresa claimed they were not going to buy illegal drugs with the money. George's testimony on cross-examination confirmed Theresa's. The State did not offer any evidence other than the testimony of Theresa and George.

Don did not testify at the forfeiture proceeding, but after the State rested its case, defense counsel offered Don's affidavit into evidence. It was attached to the claim he submitted to the court, and it presented the same evidence as testified to by Theresa and George. The defense then requested a directed verdict. The State responded there was no question that Don claimed he was the owner of the revolver and cash. The State then told the court:

"There is no way the State can provide independent evidence of whether or not he [Don] had that property or whether he actually gave that property to George and Teresa Gepner for the purposes that he's claimed. The only thing the State can show the Court is that on both the $2,000 dollars and the gun itself were recovered and seized by the Kansas Highway Patrol in very close proximity to contraband, that be[ing] the marijuana and the methamphetamine, which Mrs. Gepner has indicated she [pled] guilty to possession of."

The State then argued it had submitted evidence to create a rebuttable presumption that the revolver and cash were used to facilitate the criminal activity.

The trial court granted Don's claim and returned the revolver and $2,000. The court recognized that Don's claim was for $2,127, not $2,000, but held there was only testimony about $2,000. There is no cross-appeal on this point. The court found the forfeiture proceeding was an in rem proceeding under K.S.A. 60-4113(h). The court then declared the revolver and $2,000 were exempt from forfeiture under K.S.A. 60-4106(a)(3)(A) because there was no evidence Don was involved in any of the criminal activity of Theresa and George.

The analysis portion of the court's journal entry, which seems to deviate from its ruling from the bench, stated:

"The Court, after being well and fully advised in the premises, finds that the State of Kansas has not met its burden of proof under Chapter 60-4113(h) and 60-4106, and therefore, the Smith and Wesson Model 60 Revolver, Serial #16149, and the $2,127.00 claimed should be returned by the Kansas Highway Patrol to Don Gepner."

The State appeals.

The State argues the trial court erred when it allegedly failed to consider the rebuttable presumption of K.S.A. 60-4112(j) and failed to shift the burden of proof from the State to Don pursuant to K.S.A. 60-414(a). K.S.A. 60-4112(j) provides:

"The fact that money, negotiable instruments, precious metals, communication devices, and weapons were found in close proximity to contraband or an instrumentality of conduct giving rise to forfeiture shall give rise to the rebuttable presumption, in the manner provided in subsection (a) of K.S.A. 60-414, and amendments thereto, that such item was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate the conduct."

K.S.A. 60-414(a) provides: "[I]f the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the nonexistence of the presumed fact is upon the party against whom the presumption operates."

We believe the State is in error when it claims the court failed to recognize that a rebuttable presumption under 60-4112 had been established.

Where the trial court has made findings of fact and conclusions of law, the function of this court on appeal is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. *State ex rel. Love v. One 1967 Chevrolet*, 247 Kan. 469, Syl. ¶ 1, 799 P.2d 1043 (1990).

If the trial court's finding is supported by substantial competent evidence, it will not be disturbed on appeal. Substantial competent evidence is evidence that is legal and relevant such that a reasonable person might accept it as being sufficient to support a conclusion. *State v. 1978 Chevrolet Automobile*, 17 Kan. App. 2d 144, 148, 835 P.2d 1376 (1992). In reviewing the trial court's decision on this issue, it is not our function to weigh the evidence or pass on the credibility of the witness. If the evidence and all reasonable inferences drawn from it, when viewed from the perspective most favorable to the prevailing party, supports the trial court's decision, that decision will be affirmed. *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, Syl. ¶ 1, 738 P.2d 1210 (1987); *Ratterree v. Bartlett*, 238 Kan. 11, Syl. ¶ 13, 707 P.2d 1063 (1985).

Civil forfeiture in Kansas is governed by the Kansas Standard Asset Seizure and Forfeiture Act. See K.S.A. 60-4101 *et seq*. K.S.A. 60-4113 is the controlling statutory provision for in rem forfeiture proceedings. Subsections (g) and (h) of 60-4113 set forth the applicable burdens of proof for both parties:

"(g) The issue shall be determined by the court alone, and the hearing on the claim shall be held within 60 days after service of the petition unless continued for good cause. The plaintiff's attorney shall have the initial burden of proving the interest in the property is subject to forfeiture by a preponderance of the evidence. If the state proves the interest in the property is subject to forfeiture,

the claimant has the burden of showing by a preponderance of the evidence that the claimant has an interest in the property which is not subject to forfeiture.

"(h) If the plaintiff's attorney fails to meet the burden of proof for forfeiture, or a claimant establishes by a preponderance of the evidence that the claimant has an interest that is exempt under the provisions of K.S.A. 60-4106, the court shall order the interest in the property returned or conveyed to the claimant. The court shall order all other property forfeited to the seizing agency and conduct further proceedings pursuant to the provision of K.S.A. 60-4116 and 60-4117."

At the forfeiture proceeding in the case at bar, the trial court read verbatim from 60-4113(h). The court then stated it was necessary to go back to the language in 60-4106. This statement indicated the court was considering whether the claimant had established a forfeiture exemption *and not* that the State had failed to meet its burden of proof under 60-4113(h).

The forfeiture exemption utilized by the trial court is found in K.S.A. 60-4106(a)(3). It provides:

"No property is subject to forfeiture under this act if the owner or interest holder acquired the property before or during the conduct giving rise to the property's forfeiture, and such owner or interest holder:

"(A) Did not know and could not have reasonably known of the act or omission or that it was likely to occur; or

"(B) acted reasonably to prevent the conduct giving rise to forfeiture."

Relying on subsection A, the trial court concluded there was no evidence that Don was connected with the criminal proceedings involving George or Theresa, and therefore the $2,000 and the revolver were exempt from forfeiture.

The State argues the trial court's analysis did not take into account the rebuttable presumption of forfeiture found in 60-4112(j). The State also argues the trial court required it to prove both that the seized items were in close proximity to contraband (60-4112[j]) *and* to prove that the items were proceeds of conduct giving rise to forfeiture or were used or intended to be used to facilitate the conduct.

The Kansas Standard Asset Seizure and Forfeiture Act did not change forfeiture law in a dramatic way. Instead, it centralized several statutes concerning asset forfeiture, K.S.A. 1993 Supp. 22-4801 *et seq.*, K.S.A. 1993 Supp. 65-4135, K.S.A. 65-4136, K.S.A. 65-4172, K.S.A. 65-4173, K.S.A. 65-4174, K.S.A. 65-4175. Before

the introduction of the Act, forfeitures in connection with controlled substances were governed by K.S.A. 1993 Supp. 65-4135. That section provided for a rebuttable presumption in substantially the same manner as the current forfeiture section, 60-4112(j), and stated clearly the "burden of proof shall be upon the claimants of the property to rebut this presumption." K.S.A. 1993 Supp. 65-4135(a)(6).

Both the old and the new presumptions, K.S.A. 1993 Supp. 65-4135(a)(6) and K.S.A. 60-4112(j), reference the reader to K.S.A. 60-414, which outlines the effect of a presumption. A presumption under 60-414(a) places the burden of proving the nonexistence of the presumed fact on the party against whom it operates. *In re J.L.*, 20 Kan. App. 2d 665, 678, 891 P.2d 1125, *rev. denied* 257 Kan. 1092 (1995).

The State relies on *State v. 1978 Chevrolet Automobile*, 17 Kan. App. 2d at 145, to support its position that Don did not rebut the presumption in favor of forfeiture. In *1978 Chevrolet*, the police stopped the claimants for speeding. The police discovered one of the claimants had approximately $30,000 in cash. The cash was in nine individual envelopes with the amount written on the outside of the envelope. The claimants gave the police permission to search their car. The police discovered an insignificant amount of marijuana (1.6 grams) in the front seat and in a duffle bag in the trunk. Forfeiture proceedings were instituted under K.S.A. 1991 Supp. 65-4135(a)(6) against the car and the $30,000.

At the forfeiture proceeding, the claimants testified the money was not drug related and was to be used to purchase junk cars in Oklahoma. One of the claimants had a business in Wisconsin in which he purchased old cars and used the parts to make various items of furniture. The claimant testified he had been advised of an opportunity to purchase 30 old cars in Oklahoma. Upon questioning, however, the claimant could not name the salvage yards in Oklahoma that owned the cars. The trial court *granted* the State's forfeiture petition. 17 Kan. App. 2d at 147.

On appeal, the *1978 Chevrolet* court considered the burdens of proof under K.S.A. 1991 Supp. 65-4135(a)(6), which provided that

money found in close proximity to a controlled substance is presumed to be forfeitable:

"The statute contemplates a showing by the State to raise the presumption and, once that is done, the burden is shifted to the claimant to rebut the presumption. In this case, the $31,550 in question was found in 'close proximity' to a quantity of marijuana. Marijuana is a forfeitable controlled substance under the statute. Thus, by proving these basic facts, the State raised a presumption that the money was forfeitable. It is not relevant that the marijuana found was insignificant in amount. The statute does not specify that any minimum amount of controlled substance is required to raise the presumption. Once the presumption comes into existence, the claimants must produce evidence to rebut it to successfully defend against forfeiture." 17 Kan. App. 2d at 147-48.

The *1978 Chevrolet* court affirmed the trial court's determination that the claimant's evidence was not sufficient to rebut the presumption of forfeiture. The court stated it would not disturb the trial court's decision since it was supported by substantial competent evidence. 17 Kan. App. 2d at 148-49. *1978 Chevrolet* is distinguishable from the instant case because the trial court here ruled the evidence *was* sufficient to rebut the presumption.

Several other cases are instructive on the burden of proof and our standard of review. In the *City of Lenexa v. A Maroon 1978 Chevrolet*, 15 Kan. App. 2d 333, 807 P.2d 694 (1991), the court held that forfeiture actions brought pursuant to K.S.A. 1990 Supp. 65-4135 are civil in nature and subject to the Kansas Code of Civil Procedure. See *State v. Oyler*, 15 Kan. App. 2d 84, 85, 803 P.2d 585 (1990), *rev denied* 248 Kan. 998, *cert. denied* 502 U.S. 810 (1991) (forfeiture actions are proceedings in rem); *State v. One 1978 Chevrolet Corvette*, 8 Kan. App. 2d 747, 667 P.2d 893 (1983) (court referred to the action as an in rem proceeding under K.S.A. 65-4135 to forfeit a 1978 Chevrolet Corvette which had been used to transport marijuana for sale).

In *State ex rel. Love v. One 1967 Chevrolet*, 247 Kan. 469, a claimant objected to the forfeiture of his 1967 Chevrolet Corvette arguing the trial court should not have forfeited the car since there was no evidence of cocaine found in the car. The *One 1967 Chevrolet* court held that the evidence showed, under a findings of fact and conclusions of law standard of review, that the Corvette was

used to facilitate the transportation, sale, or concealment of cocaine, a controlled substance. The evidence indicated the police found an amber prescription bottle with white powdery residue in the Corvette, the claimant regularly stored cocaine in such bottles, and a witness testified that she had purchased cocaine out of the Corvette between 5 and 10 times. The *One 1967 Chevrolet* court upheld that forfeiture, stating it would not disturb findings and conclusions of the trial court. 247 Kan. at 472-74. We also do not disturb the findings and conclusions of the trial court.

In *State v. One 1984 Chevrolet Corvette*, 16 Kan. App. 2d 5, 818 P.2d 800 (1991), this court reversed a trial court's grant of judgment on the pleadings and dismissal of a forfeiture action. The case is similar to *One 1967 Chevrolet*, except there were no allegations the claimant had transported or sold cocaine from the car. In *One 1984 Chevrolet Corvette*, the petition only stated the claimant used the car to pick up proceeds from a drug sale and that the two participants had a brief discussion concerning future drug deals. The court concluded a question was presented for the trier of fact to determine whether the Corvette was being used to facilitate a sale, purchase, or exchange of controlled substances. 16 Kan. App. 2d at 9.

The Kansas Standard Asset Seizure and Forfeiture Act makes it relatively easy for the State to forfeit drug property or items used to facilitate drug activity. The State can meet its burden of proof for forfeiture, under K.S.A. 60-4113(g) and (h), by the rebuttable presumption that money, negotiable instruments, precious metals, communication devices, and weapons found in close proximity to contraband are forfeitable. See K.S.A. 60-4112(j). Further, K.S.A. 60-4112(h) provides that it is not necessary for the State to negate an exemption listed in a complaint.

Generally, the standard of proof in a civil action in Kansas is proof by a preponderance of the evidence. *Cf. In re Estate of Stratmann*, 248 Kan. 197, 202, 806 P.2d 459 (1991); *State v. Parson*, 15 Kan. App. 2d 374, 380, 808 P.2d 444 (1991). Pursuant to K.S.A. 60-4113(h), a preponderance of the evidence standard is the burden of proof placed on a claimant in order to thwart a forfeiture petition. Under a preponderance of the evidence standard, the

burden is to persuade the factfinder with credible evidence that a party's position is more probably true than not true on the basis of the entire record. See *State v. Rupert*, 247 Kan. 512, 515, 802 P.2d 511 (1990); *Fetzer v. Boling*, 19 Kan. App. 2d 264, 267, 867 P.2d 1067 (1994).

In the present case, the trial court followed the correct procedure in determining that the revolver and $2,000 cash were exempt from forfeiture under 60-4106(a)(3). Implicit in the court's ruling is that the State met its burden to prove the property was subject to forfeiture. "The trial court is presumed to know the law." *State v. Johnson*, 258 Kan. 61, Syl. ¶ 1, 899 P.2d 1050 (1995). By examining whether Don had submitted evidence to establish a forfeiture exemption, the court naturally implied that it had already decided the State had submitted evidence to allow a forfeiture of the property.

Furthermore, there is no evidence the trial court did not consider the rebuttable presumption under K.S.A. 60-4112(j). The State expressly argued to the court that it had offered evidence to raise the rebuttable presumption. Then, during the court's ruling from the bench, the State directed the court to the rebuttable presumption. The State said: "I direct you to K.S.A. 60-4112, sub (g), sub (j), and sub (s)." The court responded, "Well, I'm reading that, Mr. Settle, [State's attorney] but I think you have to read it under 60-4106, based upon the in rem proceeding that this is and that is what we're having today."

The State submitted no evidence to rebut Don's claim that he is an innocent owner of the property the State is trying to forfeit. Additionally, it did not even question George or Theresa as to the legitimacy of the claims concerning the gun show or the possibility of buying a boat. The State did not object to the admission of Don's affidavit.

The trial court weighed the evidence, judged the credibility of the witnesses, and found Don's claim to be legitimate. The court found the evidence submitted by Don successfully rebutted the presumption of forfeiture and established a forfeiture exemption by a preponderance of the evidence. There is substantial evidence to support the instant decision, and we will not disturb it on appeal.

The presumption in favor of forfeiture of property found in K.S.A. 60-4112(j) is rebuttable. If the trial court finds by a preponderance of evidence that the evidence submitted by a party in opposition to a forfeiture action overcomes the presumption and establishes an exemption under K.S.A. 60-4106, it is required to deny the forfeiture and return the property to the innocent owner.

The trial court saw and heard the evidence and was in the best position to weigh it. The State appears to ignore the fact that evidence contrary to its position was presented to the court, which found it to be substantial enough to overcome the statutory presumption in favor of forfeiture. The State presented only enough facts to establish the presumption. That presumption was overcome by other specific evidence as is allowed under the applicable statutes.

Affirmed.