No. 49,809

ROBERT FREY and RICHARD FREY, *Appellees,* v. INTER-STATE SAVINGS and LOAN ASSOCIATION of KANSAS CITY, *Appellant.*

(601 P.2d 671)

Opinion filed October 27, 1979.

*J. R. Russell,* of Kansas City, argued the cause, and *George R. Docking,* of Kansas City, was with him on the brief for the appellant.

*Ronald C. Newman,* of Weeks, Thomas, Lysaught, Bingham, and Mustain, Chartered, of Kansas City, argued the cause, and *David K. Fromme,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the beneficiaries named in two certificates of deposit against a savings and loan association to recover damages for the unauthorized alteration of the two certificates and the payment of money in violation of the terms of two trust agreements. The facts in the case are not greatly in dispute and are essentially as follows: Mary K. Frey, a wealthy widow, was the grandmother of Robert Frey and Richard Frey, the plaintiffs. Mary K. Frey had several children, including Ernest H. Frey, deceased, the plaintiffs' father, Jack H. Frey, a son, and Mary Alice Wiebe, a daughter. On May 13, 1971, Mary K. Frey executed two written trust agreements with the defendant, Inter-State Federal Savings and Loan Association. In accordance with those agreements, Mary K. Frey held two certificates of deposit in the sum of $7,500 each as trustee for Richard and Robert Frey, beneficiaries respectively. The trusts, by their terms, were to continue for the life of Mary K. Frey and upon her death the funds were to be paid to Richard and Robert Frey, respectively, unless prior to her death the trusts were revoked by Mary K. Frey. During her lifetime, Mary K. Frey retained ownership of the certificates of deposit, received the dividends thereon, and had the right to revoke the trusts or to change the beneficiaries named under them. The obligations and duties of the defendant, Inter-State, with respect to the trust funds held in the certificate of deposit, were as stated in the written trust agreements. Inter-State

was authorized to act with respect to the trusts upon the signature of Mary K. Frey or upon the signature of someone acting in her behalf and with her consent and authority. On January 10, 1972, Jack H. Frey signed the name of Mary K. Frey on a journal entry of transfer form of defendant, Inter-State. In accordance with the journal entry of transfer, defendant, Inter-State, transferred the funds held under the trust agreements to a certificate of deposit in the name of Mary K. Frey, trustee for Mary Alice Wiebe, beneficiary, in the sum of $15,000. Mary K. Frey died on January 27, 1974. Thereafter, on or about July 25, 1974, defendant, Inter-State, was given a copy of the death certificate of Mary K. Frey and, upon the request of Mary Alice Wiebe, paid to her the $15,000, less penalty for early surrender.

On March 25, 1974, a petition was filed in the probate court of Leavenworth County seeking probate of the will of Mary K. Frey dated February 8, 1972. The will specifically excluded Richard and Robert Frey from its provisions for the stated reason that they were well provided for at that time. In a previous will, Mary K. Frey had included Richard and Robert Frey as beneficiaries. Richard and Robert Frey filed an answer to the petition contesting the will on the grounds (1) that the testatrix lacked capacity to make a will and (2) that the will was executed as the result of undue influence. The matter was fully litigated in the district court of Leavenworth County. The district court made extensive findings of fact and conclusions of law. It concluded that Mary K. Frey was not incapacitated on February 8, 1972, the date the will was executed, and that she was not unduly influenced in executing the will. The will was then admitted to probate.

It appears from the record that the issues of Mary K. Frey's testamentary capacity and undue influence were hotly contested in Leavenworth County. Evidence was introduced as to her actions and state of health during the period prior to and after the date the will was executed. Among others, the district court made Finding of Fact No. 10 as follows:

"In May of 1971, shortly after the death of Ernest H. Frey, the testatrix went to the Federal Savings and Loan Association of Kansas City at Bonner Springs and changed a Certificate of Deposit in the amount of $15,000, which she held as trustee for the benefit of Ernest H. Frey, to two Certificates for $7500 each in the name of each of the two defendants with testatrix as trustee. On January 10, 1972, the testatrix, in the company of her son Jack Frey, went to the same institution and changed the two Certificates into one Certificate of Deposit for the benefit of her

daughter Mary Alice Wiebe, plaintiff herein. At the time of this transaction she stated that she could not sign her own name and her name was signed to this transfer by her son Jack Frey. The testimony of witnesses to this transaction was to the effect that the testatrix appeared to know what she was doing and proceeded to have done what she had requested."

Following the judgment in Leavenworth County District Court, Richard and Robert Frey appealed to the Supreme Court. Thereafter, the parties entered into a settlement agreement and the appeal to the Supreme Court was dismissed.

On January 27, 1976, Richard and Robert Frey filed this action in Wyandotte County District Court against Inter-State Federal Savings and Loan Association, alleging that the defendant had breached the trust agreement pertaining to the certificates of deposit by changing the beneficiaries without the authority of the trustee and owner of the certificates, Mary K. Frey. Inter-State filed an answer to the petition denying a breach of contract or improper actions. The case was tried to a jury on a single issue of fact as follows: Whether Jack H. Frey was the agent of Mary K. Frey on January 10, 1972, duly authorized by Mary K. Frey to sign her name to the journal entry of transfer which revoked the trust agreement in favor of the plaintiffs, Richard and Robert Frey, and which transferred the trust funds to a certificate of deposit with Mary Alice Wiebe named as beneficiary. The jury brought in a verdict in favor of the plaintiffs, finding thereby that Jack H. Frey was not authorized by Mary K. Frey to sign her name on the journal entry of transfer revoking the trust agreement. The trial court entered judgment against Inter-State in favor of each plaintiff in the amount of $7,500 plus interest. Inter-State has appealed to this court from that judgment.

It is important to note that, on this appeal, Inter-State does not challenge the sufficiency of the evidence to support the verdict of the jury. There was evidence presented at the trial which showed that the journal entry of transfer was signed only by Jack H. Frey when Mary K. Frey was not personally present. Furthermore, the evidence established that the transfer was made by employees of Inter-State without following the procedures and safeguards customarily used in such transactions.

The first point raised by defendant Inter-State is that the action to recover damages for unauthorized alteration of the trust agreements could not be maintained because of the doctrines of res judicata and collateral estoppel. Simply stated, Inter-State main-

tains that the same issue had previously been fully adjudicated in the proceeding to contest Mary K. Frey's will in Leavenworth County. The parties are in agreement as to the law of res judicata and collateral estoppel applicable in this case. *Penachio v. Walker,* 207 Kan. 54, 483 P.2d 1119 (1971), states in syllabus ¶ 2 as follows:

> "Two of the elements which must be present before the doctrine of *res judicata* or collateral estoppel may be invoked as a bar to further action are (1) a judgment on the merits which determines the rights and liabilities of the parties based on the ultimate facts as disclosed by the pleadings or issues presented for trial and (2) the parties must be the same or in privity therein."

In *Hutchinson Nat'l Bank & Trust Co. v. English,* 209 Kan. 127, 129, 130, 495 P.2d 1011 (1972), it was held that the doctrine of collateral estoppel may be invoked only as to questions and issues shown to have been *actually decided* in the prior action. See also *Weaver v. Frazee,* 219 Kan. 42, 51, 52, 547 P.2d 1005 (1976). In general, the courts agree that the doctrine of collateral estoppel precluding relitigation of particular facts or issues does not extend to evidentiary facts or mediate data, as distinguished from the ultimate facts involved, in the prior or later action. 46 Am. Jur. 2d, Judgments § 425, pp. 595-597.

Assuming, *arguendo,* that the parties in the two actions are in privity here, the issue to be determined is whether the ultimate issues raised in this case are identical to those raised in the will contest in Leavenworth County. Inter-State contends that the ultimate issues are the same; the plaintiffs, Richard and Robert Frey, maintain that they are not.

We have concluded that the doctrines of res judicata and collateral estoppel are not applicable and are not available to Inter-State as a defense in this case. The ultimate issues involved in the will contest in Leavenworth County were whether Mary K. Frey had testamentary capacity to execute a will on February 8, 1972, and whether such will was the result of undue influence on the part of Jack H. Frey, Mary Alice Wiebe, and the other children of Mary K. Frey. Evidence of the transaction involved in this case was introduced in the will contest in Leavenworth County, but the validity of the transfer was not one of the ultimate issues determined in that proceeding. The Leavenworth County case involved only the will of Mary K. Frey and those assets which were a part of Mary K. Frey's estate. The present action, filed in

Wyandotte County, involves the validity of the transfer of certificates of deposit held in trust which admittedly are not items of property included in the estate of Mary K. Frey and which are not subject to probate administration in Leavenworth County. The judgment determining the validity of Mary K. Frey's will in Leavenworth County does not bar this subsequent action in Wyandotte County to determine the validity of the transfer of the moneys held in trust in the two certificates of deposit. The basic issues in the two actions are not the same; nor are the causes of action the same. We further note that the defendant did not plead res judicata or collateral estoppel as affirmative defenses in its answer. Under all the circumstances, the defenses of res judicata and collateral estoppel are not available to the defendant, Inter-State Federal Savings and Loan Association, in the case now before us.

The other point raised here is that the trial court committed error in refusing to admit into evidence the will of Mary K. Frey. The record shows that, after both parties had submitted all of their evidence and rested and the instructions had been approved, counsel for the defendant requested the admission of Mary K. Frey's will into evidence. The trial court held that the offer was too late and, furthermore, that the facts surrounding the execution of that will had been brought out in the oral testimony. We find no abuse of discretion on the part of the trial court in excluding evidence proffered by the defendant.

The judgment of the district court is affirmed.

FROMME, J., not participating.