(789 P.2d 218)

No. 63,575

STATE OF KANSAS, *Appellant*, v. DOUGLAS L. HEIGELE, *Appellee*.

Opinion filed March 30, 1990.

*Julie McKenna*, county attorney, and *Robert T. Stephan*, attorney general, for appellant.

*John A. Reynolds* and *James L. Sweet*, of Sweet & Boyer, of Salina, for appellee.

BEFORE BRAZIL, P.J., M. KAY ROYSE, District Judge, assigned, and JAMES J. NOONE, District Judge Retired, assigned.

ROYSE, J.: The State appeals the trial court's pretrial order suppressing evidence. The question raised in this appeal is whether a suppression order issued in a prior case precludes another judge from independently considering the suppression issue after the case has been refiled.

The procedural background is important to a resolution of the issues in the case. The State had filed charges against Douglas L. Heigele for possession of marijuana and possession of drug paraphernalia. Heigele filed a motion to suppress, which was set for hearing. The State requested a continuance because a necessary witness was unavailable. The district judge granted the request. At the second hearing date, the State again requested

a continuance because a necessary witness had not been subpoenaed. This request was denied. The district judge granted the motion to suppress "as a sanction to keep a responsible pace with litigation." The following day, the district judge granted the State's motion to dismiss without prejudice.

After several months, the State instituted the present case by refiling the charges against Heigele. A different district judge presided over the new case. Heigele asked the judge to take judicial notice of the earlier case and to apply the prior suppression order to the second case. The judge took judicial notice of the suppression order and ruled that the order must be applied in the present case.

The first issue raised by the State is whether the district judge correctly determined that collateral estoppel mandated application of the prior suppression order in this case. "Collateral estoppel" means " 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *State v. Fisher*, 233 Kan. 29, 35, 661 P.2d 791 (1983) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L. Ed. 2d 469, 90 S. Ct. 1189 [1970]). A necessary element of collateral estoppel is a judgment on the merits. *Penachio v. Walker*, 207 Kan. 54, 57, 483 P.2d 1119 (1971). The doctrine of collateral estoppel precluding relitigation of particular facts or issues does not extend to evidentiary facts or mediate data, as distinguished from the ultimate facts involved. *Frey v. Inter-State Savings & Loan Ass'n*, 226 Kan. 419, 422, 601 P.2d 671 (1979) (citing 46 Am. Jur. 2d, Judgments § 425, pp. 595-97). When applied to a criminal case, collateral estoppel means nothing more than double jeopardy. *State v. Pruitt*, 216 Kan. 103, 105, 531 P.2d 860 (1975).

The foregoing authorities make clear that collateral estoppel did not require application of the prior suppression order in this case. The sanction imposed in the first case did not determine an ultimate fact. The sanction was not a judgment on the merits. The proceedings in the first case never reached the point of placing the defendant in jeopardy. See *State v. Ruden*, 245 Kan. 95, 99, 774 P.2d 972 (1989); *State v. Schilling*, 238 Kan. 593, 602, 712 P.2d 1233 (1986).

Heigele argues that, because the State chose not to appeal from the sanction in the prior case, the State was bound by that order. This argument ignores the requirements of collateral estoppel. It presumes, without citation to any authority, that the State's exclusive remedy is an appeal under K.S.A. 22-3603. But see *State v. Zimmerman & Schmidt*, 233 Kan. 151, 155, 660 P.2d 960 (1983) (noting State may refile complaint or appeal the discharge of defendant resulting from a preliminary hearing). But most importantly, Heigele's argument ignores the fact that the State sought, and the district judge approved, a dismissal without prejudice of the prior case. The Supreme Court has emphasized that this procedure does not "prejudice a fresh prosecution on a new information charging the identical offense set forth in the prior information." *State v. Rowland*, 172 Kan. 224, 227-28, 239 P.2d 949 (1952). As generally understood, the phrase "without prejudice" means " 'there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought.' " *Frost v. Hardin*, 1 Kan. App. 2d 464, 466, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978).

The second issue raised by the State is whether the district judge correctly determined that he had no discretion to consider the suppression issues in the second case. The Supreme Court has noted that a district judge may exercise discretion to reentertain a motion to suppress evidence previously ruled on by another judge in the same case. *State v. Riedel*, 242 Kan. 834, 838, 752 P.2d 115 (1988); *State v. Jackson*, 213 Kan. 219, 226, 515 P.2d 1108 (1973); *State v. Olson*, 11 Kan. App. 2d 485, 488, 726 P.2d 1347, *rev. denied* 240 Kan. 805 (1986). It would be anomalous to conclude that such discretion is lacking in a totally separate case.

The question of discretion, however, is essentially a restatement of the collateral estoppel issue. Because collateral estoppel did not preclude the parties from litigating the suppression issue, and because the prior suit was dismissed "as though no suit had ever been brought," the district judge had both the discretion and the duty to consider the suppression issue.

Reversed and remanded.