(145 P.3d 921)
No. 95,108

STATE OF KANSAS I-135/I-70 DRUG TASK FORCE, *Appellee*, v. 1990
LINCOLN TOWN CAR, VIN # 1LNLM82F1LY694880, AND
$3,497.68 U.S. CURRENCY, *Defendant.*

Opinion filed November 9, 2006.

*Peter Charles Rombold,* of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, for appellant David Smith.

*Daryl E. Hawkins,* assistant county attorney, and *Phill Kline,* for appellee.

Before GREENE, P.J., MARQUARDT and BUSER, JJ.

MARQUARDT, J.: David Smith appeals from a forfeiture action held pursuant to the Kansas Standard Asset Seizure and Forfeiture Act (Act), K.S.A. 60-4101 *et seq.* We affirm.

On October 25, 2004, Kansas Highway Patrol Trooper David Grittman stopped Smith for an expired license tag. After Trooper Grittman approached Smith's 1990 Lincoln Town Car, he observed that the vehicle had a very "lived-in appearance." Trooper Grittman noticed that Smith had an open atlas and a cellular phone and there was a strong odor of tobacco coming from the interior of the vehicle, which he thought could be a "masking agent." Smith refused to make eye contact with the trooper and appeared tense.

Smith was unable to provide proof of insurance for the vehicle. Trooper Grittman issued a warning ticket to Smith and stepped away from Smith's vehicle. However, Trooper Grittman immediately returned and asked if Smith would answer some additional questions. Smith responded in the affirmative, and Trooper Grittman asked if Smith had any weapons, large sums of money, or drugs. Smith stated that he did not have any cocaine or heroin, but

did not respond to the questions concerning weapons, money, and marijuana.

Trooper Grittman asked if he could search Smith's vehicle. Smith refused, and Trooper Grittman requested a canine unit. The canine alerted to an odor of drugs, and Trooper Grittman searched the vehicle. He discovered a marijuana pipe, a jar containing approximately 5,209 marijuana seeds, and two firearms. In Smith's pocket he found $3,497.68, and a small bag of marijuana was found in Smith's boot. Trooper Grittman arrested Smith.

The State charged Smith with criminal possession of a firearm, possession of marijuana, and two counts of possession of drug paraphernalia. The State filed a notice of pending forfeiture of the 1990 Lincoln Town Car and the $3,497.68 on behalf of the I-135/I-70 Drug Task Force.

Smith filed a motion to suppress evidence in his criminal case, arguing that his detention after the traffic stop was improper. The parties agreed to submit the case on the evidence presented at the preliminary hearing. The trial court granted Smith's motion, and the State dismissed the case without prejudice.

Smith filed a pro se response to the forfeiture notice requesting return of the Lincoln and the money. In the forfeiture action, the parties stipulated to the facts relied on in the criminal case. The parties agreed that the primary issue in the forfeiture action was whether the suppression order in the criminal case prohibited the State from relying on the evidence found in the vehicle in the forfeiture action. Smith argued that collateral estoppel applied to the suppression order.

A forfeiture hearing was held before the trial court judge who suppressed the evidence in Smith's criminal case. The trial court found that the suppression order did not apply in the forfeiture action, and collateral estoppel was not applicable. The trial court concluded that forfeiture was appropriate because there was "no doubt" Smith used the vehicle to facilitate the transportation of marijuana, and the $3,497.68 was found during the stop with the marijuana. The trial court also found that Smith did not file a request for exemption.

Smith filed a motion for reconsideration of the forfeiture decision, arguing that the State failed to meet its burden of proof because all evidence was suppressed in his criminal case. The trial court held a hearing and denied the motion. Smith timely appeals.

### Collateral Estoppel

On appeal, Smith contends the trial court erred in concluding that collateral estoppel did not apply to the forfeiture action.

The doctrine of collateral estoppel presents a question of law, and an appellate court has an unlimited de novo review. *O'Keefe v. Merrill Lynch & Co.*, 32 Kan. App. 2d 474, 479, 84 P.3d 613, rev. *denied* 278 Kan. 846 (2004). Collateral estoppel is defined as a bar in an action upon a different claim as to certain matters in issue which were determined in a former judgment. *Williams v. Evans*, 220 Kan. 394, 396, 552 P.2d 876 (1976).

" ' "The requirements of collateral estoppel are (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment." ' [Citation omitted.]

" 'The doctrine of collateral estoppel is different from the doctrine of res judicata. Instead of preventing a second assertion of the same claim or cause of action, the doctrine of collateral estoppel prevents a second litigation of the same issues between the same parties or their privies even in connection with a different claim or cause of action.' [Citation omitted.]" *In re Tax Appeal of City of Wichita*, 277 Kan. 487, 506, 86 P.3d 513 (2004).

Initially, it must be noted that the protections against unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights are applicable to forfeiture actions, although such proceedings are civil in nature. In *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 696, 702, 14 L. Ed. 2d 170, 85 S. Ct. 1246 (1965), the United States Supreme Court addressed Fourth Amendment protections in regards to forfeiture actions and held that "the constitutional exclusionary rule does apply to such forfeiture proceedings." The Court's holding in *Plymouth Sedan* has not been explicitly adopted in Kansas. However, our Supreme Court has previously addressed the propriety of a search in a for-

feiture action. See *State ex rel. Love v. One 1967 Chevrolet*, 247 Kan. 469, 471, 475-77, 799 P.2d 1043 (1990). Thus, the court has implicitly recognized that the protections from unreasonable searches and seizures are applicable to forfeiture actions.

In his brief, Smith contends that the requirements of collateral estoppel are satisfied even though there was no judgment in the criminal case, merely a dismissal.

In *State v. Heigele*, 14 Kan. App. 2d 286, 789 P.2d 218 (1990), this court rejected a similar argument. In *Heigele*, the trial court granted a motion to suppress as a sanction because the State had requested two continuances of the criminal suppression hearing. The next day, the trial court granted the State's motion to dismiss without prejudice. After several months, the State refiled the charges against Heigele, and a different judge presided over the new case. The judge took judicial notice of the suppression order and ruled that the order must be applied.

The State appealed and argued that the trial court erred in determining that collateral estoppel mandated application of the prior suppression order. On appeal, this court agreed with the State's contentions, noting that the sanction imposed in the first case did not determine an ultimate fact. 14 Kan. App. 2d at 287.

Moreover, the *Heigele* court also determined that the suppression order was not a final judgment where the State chose not to appeal the order pursuant to K.S.A. 22-3603. However, the court recognized that the State may refile a complaint or appeal the discharge of a defendant resulting from a preliminary hearing. 14 Kan. App. 2d at 288 (citing *State v. Zimmerman & Schmidt*, 233 Kan. 151, 155, 660 P.2d 960 [1983]).

The *Heigele* court reversed and remanded the trial court's decision and held: "Because collateral estoppel did not preclude the parties from litigating the suppression issue, and because the prior suit was dismissed 'as though no suit had ever been brought,' the district judge had both the discretion and the duty to consider the suppression issue." 14 Kan. App. 2d at 288.

In the instant case, the trial court dismissed the criminal case without prejudice; therefore, it is as though no suit had ever been

brought. Based on the court's reasoning in *Heigele*, the suppression order was not a final judgment.

Smith argues collateral estoppel should have been applied in the forfeiture action because the suppression issue and the burden of proof were identical in both the criminal case and the forfeiture action.

Presumably Smith's arguments are in response to the exception to collateral estoppel recognized in *Huelsman v. Kansas Dept. of Revenue*, 267 Kan. 456, 461-62, 980 P.2d 1022 (1999). *Huelsman* addressed whether the suppression of evidence in a prosecution for driving while under the influence (DUI), based on a lack of probable cause to arrest, collaterally estopped the State from arguing in a license suspension proceeding that the officer had reasonable grounds to request a breath test pursuant to the implied consent law.

In *Huelsman*, the court held that the elements of collateral estoppel were not met because the DUI prosecution and the administrative license suspension proceeding were not alike. The court noted that the purpose of the DUI action was punishment, but the purpose of the license suspension action was remedial. Furthermore, the burden to produce evidence is on the State in the DUI criminal case, but the burden is on the licensee in the administrative action. 267 Kan. at 462-63.

The *Huelsman* court also relied on *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 79 L. Ed. 2d 361, 104 S. Ct. 1099 (1984). In that case, a defendant was acquitted of criminal charges, but the United States instituted an in rem action for forfeiture of seized firearms. The defendant asserted the defenses of res judicata and collateral estoppel based on his criminal acquittal. The *One Assortment of 89 Firearms* Court held that the civil action for forfeiture was not barred by the prior acquittal of criminal charges. The Court reasoned that the difference between the burdens of proof in the criminal and civil cases prevented the application of the doctrine of collateral estoppel. 465 U.S. at 360-61; see *Huelsman*, 267 Kan. at 463-64. Also in *Huelsman*, as in the instant case, the parties in the criminal action were different from the parties in the forfeiture action.

While the purpose of criminal charges is punishment, the purpose of civil forfeiture actions is remedial. Civil forfeiture actions assure that property is not used for illegal means, to make illegal activity unprofitable, or to remove contraband. See *State v. Yeoman*, 24 Kan. App. 2d 639, 641-42, 951 P.2d 964 (1997). In addition, although the State's burden of proof in a criminal case is proof beyond a reasonable doubt, the State's burden in forfeiture actions is proof by a preponderance of the evidence, which can shift to the claimant. See K.S.A. 60-4113(g). Moreover, a claimant may have less of a motive to fully litigate issues in a forfeiture action than a defendant in a criminal case.

Smith failed to establish that the suppression order in the criminal case is a final judgment. As such, it is irrelevant whether an exception to collateral estoppel is applicable. Based upon the foregoing, the trial court did not err in failing to apply collateral estoppel to the forfeiture case.

Finally, Smith contends forfeiture was inappropriate because the State failed to meet its burden of proof, claiming there is no evidence to establish the requirements of forfeiture.

The standard of review for a forfeiture action where the trial court has made findings of fact and conclusions of law is to determine whether those findings are supported by substantial competent evidence and whether they support the trial court's conclusions of law. *Kansas Highway Patrol v. 1985 Chevrolet Astro Van*, 24 Kan. App. 2d 841, 844, 954 P.2d 718 (1998).

In reviewing the trial court's decision, this court does not reweigh the evidence or pass on the credibility of the witness. If the evidence and all reasonable inferences drawn from it, when viewed from the perspective most favorable to the prevailing party, support the trial court's decision, that decision will be affirmed. *City of Hoisington v. $2,044 in U.S. Currency*, 27 Kan. App. 2d 825, 828, 8 P.3d 58 (2000).

The Act governs civil forfeitures. In a forfeiture action, the State has the burden of proving by a preponderance of the evidence that a claimant's interest in the property is subject to forfeiture. K.S.A. 60-4113(g). If the State carries its burden, the burden then shifts to the claimant to show by a preponderance of the evidence that

the claimant's interest in the property is not subject to forfeiture. The rules of civil procedure are applicable to forfeiture actions. *$2,044 in U.S. Currency*, 27 Kan. App. 2d at 827.

### Forfeiture

#### Lincoln

Under K.S.A. 60-4105(b)(2), all property "used or intended to be used in any manner to facilitate conduct giving rise to forfeiture" is subject to forfeiture. Conduct giving rise to forfeiture includes "violations of the uniform controlled substances act," K.S.A. 65-4101 *et seq.*, even without a prosecution or conviction related to the offense. K.S.A. 60-4104(b).

In *One 1967 Chevrolet*, our Supreme Court considered the meaning of "facilitate." 247 Kan. at 474. In that case, a claimant objected to the forfeiture of his 1977 Chevrolet Corvette, and he argued that the trial court should not have forfeited the car because there was no evidence that cocaine was found in the car. The *One 1967 Chevrolet* court held that the evidence showed the Corvette was used to facilitate the transportation, sale, or concealment of cocaine, a controlled substance. The evidence indicated the police found an amber prescription bottle with white powdery residue in the Corvette, the claimant regularly stored cocaine in such bottles, and a witness testified that she had purchased cocaine out of the Corvette. The *One 1967 Chevrolet* court upheld the forfeiture, stating that it was supported by substantial competent evidence. 247 Kan. at 472-74.

In *State v. One 1984 Chevrolet Corvette*, 16 Kan. App. 2d 5, 10, 818 P.2d 800, *rev. denied* 249 Kan. 777 (1991), this court also considered the meaning of "facilitate." In that case, the claimant drove his Corvette to a convenience store to receive partial payment of the proceeds of a previous drug sale from the coperpetrator and to discuss further drug transactions. This court found that the use of the vehicle could be construed as facilitating the drug venture, and reversed and remanded the trial court's judgment on the pleadings and dismissal of the forfeiture. 16 Kan. App. 2d. at 10.

In the instant case, the parties stipulated to the facts and relied on the testimony presented at the preliminary hearing in the criminal case. Trooper Grittman's affidavit stated that a jar of marijuana seeds was found in the trunk of the vehicle, a marijuana pipe was found in the ash tray, and a small bag of marijuana and "approximately $4,000" were found on Smith. This was sufficient evidence to establish that Smith used the vehicle to facilitate the transportation, sale, or concealment of marijuana, a controlled substance. See K.S.A. 65-4105(d).

Once the State showed that the Lincoln facilitated a violation of the Uniform Controlled Substances Act, the burden shifted to Smith to show by a preponderance of the evidence that his interest in the vehicle was not subject to forfeiture. Smith provided no evidence in support of his position. The trial court's conclusions are supported by substantial competent evidence, and forfeiture of the Lincoln was appropriate.

### Cash

The trial court also concluded that forfeiture of the $3,497.68 was appropriate because the State had met its burden of proof. The trial court noted that the evidence showed the money was found in Smith's vehicle with the marijuana.

K.S.A. 60-4112(j) creates a rebuttable presumption that money found in close proximity to a controlled substance is forfeitable, and it provides:

"The fact that money, negotiable instruments, precious metals, communication devices, and weapons were found in close proximity to contraband or an instrumentality of conduct giving rise to forfeiture shall give rise to the rebuttable presumption, in the manner provided in subsection (a) of K.S.A. 60-414, and amendments thereto, that such item was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate the conduct."

In *State v. 1978 Chevrolet Automobile*, 17 Kan. App. 2d 144, 835 P.2d 1376 (1992), cash was found on the claimant after he had exited the vehicle, and marijuana was found in a duffel bag in the trunk and on the front seat of the car. This court affirmed the forfeiture, holding that the money was in close proximity to the controlled substance. 17 Kan. App. 2d at 147-48.

Similarly, in *$2,044 in U.S. Currency,* cash was located in the claimant's front pocket and methamphetamine was discovered in her purse. This court noted that the purse was never more than an arm's reach away from the claimant until after her arrest, and the evidence showed the money was in close proximity to the controlled substances. 27 Kan. App. 2d at 829.

In the instant case, the money was located in Smith's back pocket and a small bag of marijuana was found in Smith's boot, which satisfies the close proximity requirement. Further, a jar containing marijuana seeds was found in the trunk of the vehicle and a marijuana pipe was in the ashtray.

Once the State proved the money was in close proximity to a controlled substance, it raised a presumption in favor of forfeiture. Smith claimed the money was earned from various jobs. However, there was no evidence to support Smith's claim. The trial court's conclusions are supported by substantial competent evidence and forfeiture of the money was appropriate.

The trial court did not err in concluding that in a forfeiture action, collateral estoppel does not apply to a suppression order from a criminal proceeding dismissed without prejudice.

Affirmed.

GREENE, J., concurring: I agree with my colleagues that due to the dismissal of the underlying criminal case without prejudice, the doctrine of collateral estoppel is inapplicable to this forfeiture case. Moreover, the broad language of K.S.A. 60-4112(o) appears to preclude collateral estoppel: "An acquittal or dismissal in a criminal proceeding shall not preclude civil proceedings under this act, nor give rise to any presumption adverse or contrary to any fact alleged by the seizing agency."

Although claimant David Smith's reliance on the doctrine of collateral estoppel was misplaced under these circumstances, I write separately to emphasize my view that the full panoply of protections against unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution and §15 of the Kansas Constitution Bill of Rights should be available to the claimants in forfeiture actions. As noted by the majority

opinion, our Supreme Court has implicitly recognized that the Fourth Amendment protection from unreasonable searches and seizures is applicable to forfeiture actions. See *State ex rel. Love v. One 1967 Chevrolet*, 247 Kan. 469, 471, 475-77, 799 P.2d 1043 (1990). It is unfortunate that the claimant here chose to place all his eggs in the collateral estoppel basket and did not preserve for appeal a fresh adjudication of the merits of his suppression motion in the forfeiture case.

Finally, although not before us in this case, I note the fundamental unfairness of K.S.A. 60-4112 in expressly precluding any favorable collateral estoppel implications of the outcome of criminal proceedings (K.S.A. 60-4112[o]), while expressly declaring the collateral estoppel effect of any conviction in the related criminal proceeding (K.S.A. 60-4112[g]). Whether such onerous provisions pass constitutional muster must remain for another day.