(174 P.3d 439)
No. 97,858

JEFFERY GILMORE, *Appellant,* v. BEACH HOUSE, INC., and
COLONY INSURANCE COMPANY, *Appellees.*

Opinion filed
January 11, 2008.

*Mark T. Schoenhofer,* of Wichita, and *Scott J. Gunderson,* of Nelson, Gunderson & Lacey, of Wichita, for appellant.

*Scott R. Schillings* and *Geron J. Bird,* of Hinkle Elkouri Law Firm, L.L.C., of Wichita, and *E. Wayne Taff,* of Sherman Taff Bangert Thomas & Coronado P.C., of Kansas City, Missouri, for appellees.

Before MARQUARDT, P.J., LEBEN, J., and KNUDSON, S.J.

KNUDSON, J.: Plaintiff Jeffery Gilmore (Gilmore) appeals the district court's grant of summary judgment in a garnishment action brought against Colony Insurance Company (Colony). Gilmore had successfully sued Beach House, Inc. (Beach House) for personal injuries sustained on its premises. Colony insured Beach House. Under an assignment and covenant not to execute between Gilmore and Beach House, garnishment proceedings were commenced against Colony. The district court granted summary judgment to Colony. The central issue on appeal is whether Colony was entitled to litigate the coverage issue because it declined to defend Beach House in the tort case.

We affirm. Under the circumstances shown by the record, Colony had no duty to defend its insured in the underlying tort case nor was there coverage in the insuring agreement for Gilmore's injuries caused by a battery.

## Underlying Circumstances

The parties agree the liability insurance policy issued by Colony is unambiguous and does not provide coverage for injuries arising as the result of a battery. In addition, the underlying facts are not in material dispute.

In the early morning hours of January 8, 2005, Gilmore left Beach House, a gentlemen's establishment located in Derby, Kansas. Gilmore was intoxicated, and upon leaving the club, he was intentionally shoved from behind by another individual. Gilmore slipped and fell on the club's icy steps, hitting his head on the concrete.

On April 12, 2005, Gilmore's counsel notified Beach House by letter that Gilmore was asserting a claim against the business for his injury. The letter provided: "The front steps of your business were laden with ice, and dangerous . . . . When Mr. Gilmore left the front doors of your business, another patron shoved him. Mr.

Gilmore slipped on the steps and fell, struck his head against one of the concrete steps, and sustained a closed head injury."

At the time of Gilmore's January 8, 2005, injury, Beach House was insured by Colony under a general commercial insurance policy, which provided liability coverage for "bodily injury," "property damage," or "personal and advertising injury" arising out of or resulting from the ownership, maintenance, or use of the premises. The policy contained the following "Assault and Battery Exclusion":

"This insurance does not apply to damages or expenses due to 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of or resulting from:
"(1) Assault and Battery committed by any person;
"(2) The failure to suppress or prevent assault and battery by any person;
"(3) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;
"(4) The negligent hiring, supervision, or training of any person;
"(5) The use of any force to protect persons or property whether or not the 'bodily injury' or 'property damage' was intended from the standpoint of the insured or committed by or at the direction of the insured."

Following an investigation, Colony determined that it did not owe Beach House defense or indemnity obligations based on the assault and battery exclusion, and so informed Beach House.

On October 26, 2005, Gilmore sent Colony a settlement brochure and demand, along with the police report and Gilmore's medical records related to the incident at Beach House. Colony thereafter informed Gilmore of its previous denial of coverage and reiterated its denial based on the assault and battery exclusion.

On December 7, 2005, Gilmore filed a negligence action against Beach House, alleging in part that Beach House had failed to remove the snow and ice from its steps and knew or should have known that the presence of ice on the steps would likely result in a slip and fall accident. Gilmore also alleged that Beach House failed to watch and monitor the behavior of the individual who shoved him. It is apparent these allegations were leveled to counter any representation by Colony that it owed no duty to defend Beach House or provide liability coverage.

After being served with Gilmore's petition, Beach House made demand upon Colony to defend the club in the pending litigation and to indemnify the club for any judgment entered against it in the litigation. Beach House also filed an answer denying Gilmore's claims. After reviewing the demand for coverage and conducting further investigation into Gilmore's allegations, Colony again denied Beach House's demand for defense and indemnification, citing in part the policy's assault and battery exclusion.

Thereafter, Beach House entered into an assignment and covenant not to execute with Gilmore, wherein Beach House assigned to Gilmore all of its rights under Colony's insurance policy, including all of its rights against Colony for denial of coverage and failure to defend the underlying action. Gilmore and Beach House then entered into stipulations and agreed to entry of a consent judgment. The stipulations included the following language:

"If this case were tried to a jury, it would find defendant 100% at fault for causing plaintiff's slip and fall injuries as a result of maintenance of a dangerous condition on its business premises, to wit: icy steps at the exit of its premises. The parties acknowledge that, under Kansas law, the intentional acts of the other alleged wrongdoer involved in this matter may not be compared with those of defendant."

Judgment was entered against Beach House in the amount of $250,000 plus costs, and garnishment proceedings were subsequently commenced against Colony for the full amount of the judgment.

The parties filed competing motions for summary judgment. Gilmore argued that Colony was liable because his slip and fall on Beach House's icy steps was an "occurrence" that fell within the general terms of the insurance policy and that no exclusions applied. Gilmore further alleged that Colony was bound by the underlying consent judgment finding Beach House liable for negligence. Conversely, Colony argued that it was not bound by the underlying judgment and that Gilmore was not entitled to coverage based on the assault and battery exclusion.

Following a hearing on the matter, the district court granted Colony's motion for summary judgment and denied Gilmore's motion. In so holding, the court relied on the following language in

*First Financial Ins. Co. v. Bugg,* 265 Kan. 690, 699, 962 P.2d 515 (1998): "[A]n assault and battery exclusion in an insurance policy excludes coverage of any damages arising out of an assault and battery as a matter of law, even if the legal theory under which the insured is found liable is negligence . . . ." The district court stated:

"In the present case, Mr. Gilmore is attempting to recover from the insurance company as a result of the consent judgment, whereby Michelle's Beach House agreed to liability under a negligence theory. The Court finds that the initial battery to Mr. Gilmore is what set in motion the events which culminated in his injuries. Put another way, Mr. Gilmore would never have brought the negligence action absent the battery.

"Therefore, the Court finds as a matter of law that Mr. Gilmore's injuries arose out of the battery, and as a result, coverage is excluded in light of the assault and battery exclusionary clause in the insurance policy."

## Discussion of Legal Issues Presented

Gilmore argues the district court erred in entering summary judgment in favor of Colony. Specifically, Gilmore contends that because Colony refused to defend Beach House in the underlying action, it was bound by the consent judgment and collaterally estopped from alleging that coverage was excluded based on the assault and battery exclusion. Gilmore alleges that the district court "look[ed] behind the judgment" in denying coverage based on the assault and battery exclusion.

The summary judgment standard of review is well known:

" ' " 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' " [Citation omitted.]' [Citations omitted.]" *Korytkowski v. City of Ottawa,* 283 Kan. 122, 128, 152 P.3d 53 (2007).

Additionally, whether the doctrine of collateral estoppel applies in a certain situation is a question of law. An appellate court's analysis of that question is unlimited de novo review. *State v. 1990 Lincoln Town Car*, 36 Kan. App. 2d 817, 820, 145 P.3d 921 (2006).

In Kansas, an insurer's duty to defend is broader than its duty to indemnify. *Quality Painting, Inc. v. Truck Ins. Exchange*, 26 Kan. App. 2d 473, 479, 988 P.2d 749 (1999). The duty to defend arises if there is a "potential for liability," however remote, under the policy. *Spivey v. Safeco Ins. Co.*, 254 Kan. 237, 245, 865 P.2d 182 (1993) (citing *MGM, Inc. v. Liberty Mut. Ins. Co.*, 253 Kan. 198, 202, 855 P.2d 77 [1993]). "Under the present code of civil procedure, an insurer must look beyond the effect of the pleadings and must consider any facts . . . which it could reasonably discover in determining whether it has a duty to defend." 254 Kan. at 245.

The duty to defend rests primarily on the possibility that coverage exists, and the possibility of coverage must be determined by a good faith analysis of all information the insurer may know or could reasonably have ascertained. *Aselco, Inc. v. Hartford Ins. Group*, 28 Kan. App. 2d 839, 847-48, 21 P.3d 1011, *rev. denied* 272 Kan. 1417 (2001). Thus, the insurer determines if there is a potential of liability under the policy by examining the allegations in the complaint and considering any facts brought to its attention or which it could reasonably discover. "Where a petition alleges an act that is clearly not covered, for example, that the defendant acted willfully and intentionally, there would be no potential of liability under the policy for intentional acts." *Spivey*, 254 Kan. at 245-46; see *Casualty Reciprocal Exchange v. Thomas*, 7 Kan. App. 2d 718, 720, 647 P.2d 1361, *rev. denied* 231 Kan. 799 (1982) (holding that if there is no coverage under the policy, there is no duty to defend).

Gilmore argues that Colony had a duty to defend based on language in the petition that Beach House negligently maintained the icy steps. Gilmore states that his petition alleged negligence and assault and battery as alternative theories.

However, a review of the petition indicates that Gilmore did not allege icy steps as an alternative cause of his fall. Rather, Gilmore

alleged that while he was standing on icy steps in an intoxicated state, he was intentionally shoved from behind and then fell on the steps. Further, Colony immediately undertook an investigation into the matter upon receiving notice of Gilmore's action against Beach House. The insurance company reviewed Gilmore's claims, police reports, interviewed an independent witness, and determined that the assault and battery was the cause of Gilmore's injuries, thereby excluding coverage. Indeed, the police and medical reports all referred to the incident as an "assault." (It is apparent the push from behind is technically a battery.) Colony also claimed that the individual who shoved Gilmore had been arrested for aggravated battery.

As noted by the district court, "[w]hen a liability insurance policy contains an assault and battery exclusion, a negligence claim for injuries arising out of an assault and battery is irrelevant. An assault and battery exclusion clause is intended to exclude all claims arising out of an assault and battery." *Bugg*, 265 Kan. 690, Syl. ¶ 5; see also *State Farm Ins. Co. v. Gerrity*, 25 Kan. App. 2d 643, 646, 968 P.2d 270 (1998), *rev. denied* 267 Kan. 887 (1999) ("[I]n ignoring the negligence claims made by the plaintiff in [*Bugg*], our Supreme Court reasoned that theories of liability are irrelevant when injuries occur from intentional acts. Therefore, an appellate court should not look to the specific theories of liability alleged but to the underlying cause of the injuries.").

Based upon Gilmore's petition and Colony's investigation, Colony had no duty to defend Beach House in the underlying action based upon the assault and battery exclusion. Moreover, even if for the sake of argument, Colony did have a duty to defend, Gilmore would still not be entitled to prevail in this garnishment proceeding because Colony was not collaterally estopped from litigating the coverage issue.

Gilmore relies on *Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 732 P.2d 741 (1987). In *Patrons*, our Supreme Court found that because the insurer had failed to provide its insured with a defense or reserve its rights under the policy, it was collaterally estopped from relitigating the issue of the insured's intent in a subsequent action. 240 Kan. at 710.

Gilmore points to subsequent decisions which have affirmed *Patrons* for the proposition that "judgments entered on consensual stipulations are enforceable, have collateral estoppel effect and may not be collaterally attacked by an insurance carrier in garnishment proceedings."

However, the *Patrons* holding was based on an examination of three questions: "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the claim is asserted a party or in privity with a party to the prior adjudication?" 240 Kan. at 711.

Here, the issue regarding the assault and battery exclusion was clearly not decided in the prior adjudication. Although Colony was in privity with Beach House as its insurer, the prior adjudication and final judgment only involved Beach House's liability for the icy steps. Indeed, the stipulation provided that "the intentional acts of the other alleged wrongdoer involved in this matter may not be compared with those of the defendant." The issue of the third party's assault and battery was not actually litigated in the underlying case, nor was the issue of coverage before the court. These circumstances distinguish the present appeal from the underlying circumstances in *Patron*. We hold Colony was not prevented from raising the assault and battery exclusion in this garnishment proceeding.

Additionally, we have previously held that a breach of the duty to defend does not deprive the insurer of coverage defenses:

"[T]he court's actions in *Patrons* speak louder than its words. Despite the insurer's earlier refusal to provide a defense, the court considered the insurer's policy arguments and held that coverage was excluded.

"[W]e believe the cases decided to this point mean our Kansas Supreme Court would not adopt a bright line rule that insurers who fail to provide a defense and reserve their rights are inevitably equitably estopped from raising their coverage defenses. We are persuaded that an insured in [plaintiff]'s position should not automatically reap coverage without limits. Hartford is therefore free to argue in the district court that, despite the breach of its duty to defend and its failure to reserve rights, Aselco did not contract for coverage for this loss." *Aselco*, 28 Kan. App. 2d at 851.

We conclude, Colony was not bound by the underlying consent judgment and the district court properly applied the assault and battery exclusion. Gilmore's injury was therefore not covered under the policy. The district court did not err in granting summary judgment to Colony.

Affirmed.